UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LUTHER J. PFLEEGOR** | : | |
| Petitioner | : | CIVIL ACTION  NO. 1:11-2256 |
| | | (CONNER, D.J.) |
| v. | : | (MANNION, M.J.) |
| **THE ATTORNEY GENERAL OF , THE STATE OF PENNSYLVANIA,** *et al*. | : | |
| Respondents. | : | |

# REPORT AND RECOMMENDATION[1]

On August 26, 2011, Petitioner Luther J. Pfleegor ("Pfleegor") filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 . (Doc. No. 1). For the reasons set forth below, the court will recommend that the petition be **DISMISSED** without prejudice to allow petitioner time to exhaust his state court remedies**.**

**I.    BACKGROUND**

Pfleegor brings the instant petition on the following grounds: Ground 1: Violation of Due Process under the 5th and 15th Amendments of the United States Constitution, because he alleges the Court of Common Pleas judge

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the Court's record and to authority cited herein have been inserted. No endorsement of any provider of electronic resources is intended by the Court's practice of using hyperlinks.

never advised petitioner that his sentences could be imposed consecutively; and Ground 2: Violation of the 6th Amendment of the United States Constitution, because he alleges ineffective assistance of counsel because his defense counsel never advised him that his sentences could be imposed consecutively.

Pfleegor states that he does not know if his conviction was appealed directly. Pfleegor also admits that he is currently pursuing the aforementioned Constitutional violations via Pennsylvania's Post Conviction Relief Act ("PCRA") proceedings. Pfleegor further admits that the PCRA petition is still currently pending. Pfleegor filed his habeas corpus petition, in his words, protectively so that this court will "1. Grant a stay of this petition pending outcome of state PCRA to permit petitioner to preserve federal grounds raised; 2. Permit petitioner to amend petition after exhaustion of state court remedies; 3. Order guilty plea to be invalidated." (Doc. No. 1 at 15).

## II. DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires state prisoners who have filed a § 2254 habeas petition to exhaust available state court remedies with respect to every claim raised in the federal petition. "An application for a writ of habeas corpus on behalf of a person in

custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State. . ." 28 U.S.C. § 2254(b)(1)(A).

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." Id. The exhaustion doctrine does not require prisoners to file repetitive petitions. Id. at 844 (internal citations omitted). The exhaustion doctrine has not required prisoners to raise the same issues when petitioning for collateral relief that have already been decided by direct review. Id. However, a prisoner must seek review in a state court of last resort when that court has discretionary control over its docket. Id. at 845.

In response to this case, the Pennsylvania Supreme Court issued an Order that an individual convicted of a crime in Pennsylvania need not lodge a discretionary appeal to that court in order to exhaust direct appeal rights; appeal to the Superior Court will suffice. In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases, No. 218 Judicial Administration

3

Docket No. 1 (Pa. May 9, 2000).

Before the AEDPA was enacted, the Supreme Court held in Rose v. Lundy, 455 U.S. 509 (1982), that federal district courts could not adjudicate "mixed petitions," that is, petitions that contained even a single unexhausted claim. However, Lundy was decided fourteen years before the ADEPA was enacted, when there was no statute of limitations on the filing of federal habeas corpus petitions. "AEDPA preserved Lundy's total exhaustion requirement, but it also imposed a 1-year statute of limitations on the filing of federal petitions." Rhines v. Weber, 125 S.Ct. 1528, 1533 (2005). As a result of the interplay between the total exhaustion requirement and the one-year statute of limitations, petitioners who filed a timely but mixed petition in federal court ran the risk of forever losing their opportunity for federal review of the unexhausted claims. *See* id. As a result, the Supreme Court held that district courts may stay mixed petitions and hold them in abeyance in order to permit a habeas corpus petitioner to return to state court to complete exhaustion of his claims. *See* id at 1534. A "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." Id. at 1535. "Moreover, even if a petitioner had good cause for that failure, the district court would abuse its

4

discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Id. However, "stay and abeyance should be available only in limited circumstances." Id. "A mixed petition should not be stayed indefinitely." Id. "[T]he district court's discretion in structuring the stay is limited by the timeliness concerns reflected in the AEDPA." Id. "Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back." Id. "And if a petitioner engages in abusive litigation tactics or intentional delay, the district court should not grant him a stay at all." Id. A district court generally should not deny a stay and dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. *See* id. Additionally, "if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief." Id. Stay and abeyance also applies to a request to stay a § 2254 petition that only contains unexhausted claims. *Heleva v. Brooks,* 581 F. 3d 187, 191 (3d Cir. 2009).

28 U.S.C. § 2244(d) provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

 (A) the date on which the judgement became final by the conclusion of direct review or the expiration of the time for seeking such review;

 (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

 (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

 (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§2244(d)(1) and (2) provide that the one-year federal statute of limitations in a § 2254 petition is tolled during direct and collateral review of a "properly filed" application in the state courts. "Properly filed" means only that petitioner filed his state petition in accordance with the state rules for

filing. Artuz v. Bennett, 531 U.S. 4 (2000). The fact that the state court dismissed the state petition on procedural default grounds (other than a filing defect) is irrelevant. Id.

All of petitioner's grounds for bringing the instant habeas petition are still pending on collateral review because his PCRA petition has not been decided. Petitioner brought the instant habeas petition because he feared he would miss the statute of limitations on the habeas claim if he waited for the PCRA proceedings to be completed.

The issue is that Pfleegor has admitted that he does not know if he filed for a direct review of his conviction, and since he does not know if he did file for direct review, he certainly does not know any corresponding filing dates. This is important, because the date his appeal became final, i.e. the conclusion of direct review, starts the clock on the one-year statute of limitations under § 2244(d)(1). That one-year can then be tolled pursuant to § 2244(d)(2) by properly filing a PCRA petition.

Therefore, our recommendation is that the stay and abeyance not be granted. If Pfleegor has already exhausted his one-year statute of limitations after his conviction became final, there is no need to grant the stay, as Pfleegor is already barred from bringing his habeas petition in federal court.

On the other hand, if Pfleegor has not exhausted his one-year statute of limitations, and the statute was tolled by properly filing his PCRA petition prior to the expiration of the one-year time limit, then there is no harm in the court dismissing the instant petition without prejudice as unexhausted, because if Pfleegor does still have time on his one-year clock, he will still be able to bring his habeas petition at the completion of his PCRA proceedings.

### III.   RECOMMENDATION

For the reasons set forth above, **IT IS RECOMMENDED THAT,** the Petition for Writ of Habeas Corpus, (Doc. No. 1), be **DISMISSED** without prejudice for petitioner to exhaust his state court remedies.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date**: March 5, 2012.
O:\shared\REPORTS\2011 Reports\11-2256-01.wpd